

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**MARY ANTHONY,**

Plaintiff,

v.

**NATIONAL ASSET MANAGEMENT, LLC,**

and

**ZARVAD III COLLECTIONS,**
d/b/a **MYPAYDAYLOAN.COM,**

Defendants.

Civil Action No. 3:10CV113(HEH)

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.    This is an action by a consumer alleging damages for a debt collector's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices. In this case, Defendant National Asset Management, LLC is engaged in collection abuse aimed at Ms. Anthony while attempting to collect an illegal internet payday loan debt, the making of which loan in Virginia was a prohibited criminal act by the originating lender, Zarvad III Collections d/b/a MyPayDayLoan.com., who is sued for its violations of the Virginia Consumer Protection Act and Virginia's usury law.

### JURISDICTION

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3.     Plaintiff Mary Anthony ("Ms. Anthony")is a natural person who resides in Virginia. Ms. Anthony is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.     Defendant National Asset Management, LLC ("National Asset Management") is a Pennsylvania limited liability company.  A principal or regular purpose of its business is the collection of consumer debt, whose principal office is located at 400 Rouser Road, Suite 202 Moon Twp, PA 15108.

5.     Defendant National Asset Management regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6), describing itself on its website as follows:

> Utilizing the **latest technology**, debt collection programs, and a highly skilled team of professionals, we are changing the way that **collection agencies** operate. Our purpose is to customize a program for each of our clients that will dramatically increase the monies recovered from past due accounts, as well as decrease the amount of time accounts are outstanding.

http://www.nationalmanagement.net/

6.     Defendant Zarvad III Collections, d/b/a Mypaydayloan.com, ("Zarvad III") is an internet payday lender with a location at 2274 South 1300 East #G15-283, Salt Lake City, Utah 84106.

## STATEMENT OF FACTS

7.     National Asset Management, LLC sent Plaintiff a December 13, 2009 letter attempting to collect a debt alleged to be due to Zarvad in the amount of $782.00.  Exhibit A is a copy of the letter.

8.    The debt, an internet payday loan to Zarvad III was incurred primarily for personal, family, or household purposes, bringing National Asset Management's collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

9.    The internet payday loan debt to Zarvad III was incurred by Ms. Anthony online.

10.    Zarvad III is not located in Virginia.

11.    Zarvad III is not a licensed consumer finance company in Virginia.

12.    Zarvad III is not a licensed Payday Lender in Virginia.

13.    Through its Payday Loan Act, Virginia prohibits anyone making payday loans in the Commonwealth without having first obtained a license, providing in relevant portion the following:

§ 6.1-445. License requirement.

A. No person shall engage in the business of making payday loans to any consumer residing in the Commonwealth, whether or not the person has a location in the Commonwealth, except in accordance with the provisions of this chapter and without having first obtained a license under this chapter from the Commission.

B. No person shall engage in the business of arranging or brokering payday loans for any consumer residing in the Commonwealth, whether or not the person has a location in the Commonwealth.

14.    The Virginia Payday Loan Act makes it a crime to make payday loans in the Commonwealth without having first obtained a license, providing in relevant portion the following:

§ 6.1-468. Criminal penalties.

Any person violating § 6.1-445 shall, upon conviction, be guilty of a Class 6 felony. For the purposes of this section, each violation shall constitute a separate offense.

15.     Zarvad III charged an extremely high rate of interest to Ms. Anthony, vastly in excess of 12%.

16.     The Consumer Finance Act, Va. Code § 6.1-249 provides that "[n]o person shall engage in the business of lending any principal amounts to individuals for personal, family, household or other nonbusiness purposes, and charge, contract for, or receive, directly or indirectly, on or in connection with any loan, any interest, charges, compensation, consideration or expense which in the aggregate is greater than the interest permitted by § 6.1-330.55" without first having the proper license.

17.     Under Va. Code § 6.1-330.55, no interest greater than 12% per year can be charged unless one of the listed exceptions apply.

18.     Zarvad III's internet payday loan violated the provisions of Va. Code § 6.1-249, and is therefore void under Va. Code § 6.1-308.

19.     Most, if not all, internet payday loan debt is illegal debt in every state in the country.

20.     Defendants knew or should have known that internet payday loan debt is illegal debt.

21.     National Asset Management knew or should have known that collecting or attempting to collect internet payday loan debt in Virginia would violate the FDCPA.

22.     Defendants knew or should have known that the loan they are seeking to collect is void and unenforceable in Virginia, by virtue, for example, of the numerous filings by the Virginia Attorney General attacking loans that impose interest rates in excess of those allowed under applicable licensing provisions of the Code of Virginia, including *Commonwealth of Virginia v. Auto Cash Title Loans, LLC.*, Circuit Court of the City of Richmond, Civil Action

No. 08-1446. A copy of the Complaint and Consent Judgment in this case are attached hereto, marked Plaintiff's Exhibit B.

23.    Plaintiff received repeated emails addressed to her from collections@mypaydayloan.com attempting to collect on the internet payday loan.

24.    Exhibit C is a compilation of examples of emails sent to Plaintiff by Zarvad III.

25.    These emails contain numerous false threats, deceptive statements, fraudulent statements, misrepresentations and the like in connection with Zarvad III's attempts to collect on an illegal internet payday loan.

26.    For example, Zarvad III's emails contain threats of criminal prosecution, and threats that "our legal counsel has advised us to act without delay to collect the balance you owe us," and demanded that Plaintiff pay in order to "avoid unpleasant repercussions as a result of this payment oversight."

27.    These were false, deceptive, fraudulent misrepresentations.

28.    The threat to press criminal charges was a false threat.

29.    Zarvad did not intend to press criminal charges against Plaintiff.

The Virginia Payday Loan Act, Va. Code § 6.1-444, *et. seq.*, at Va. Code § 6.1 -459 (9), provides the following prohibition against either threatening or taking criminal action:

§ 6.1-459. Required and prohibited business methods.
Each licensee shall comply with the following requirements:

        ....

9. A licensee shall not threaten, or cause to be instigated, criminal proceedings against a borrower if a check given as security for a loan is dishonored.

30.    Zarvad left numerous voice mail messages for Plaintiff on her telephone.

31.    For example, Zarvad III left messages stating the following:

Hi, this is Alex from MyPayDayLoan.com. Please call me back at 888-269-2303, extension 64, in terms to schedule your next payment. Thank you. Have a nice day. (This same message was left three times.)

Hi, this is Kelly calling with MyPayDayLoan.com. I am calling because your account is past due and you need to schedule your next payment. Please return my call today in order to schedule this, at 888-269-2303, extension 5. Thank you and have a great day.

Hi, this is _____(woman) with MyPayDayLoan.com. I am calling because your account is past due and we need to schedule your next payment. Please return my call at 888-269-2303, extension 65. Thank you. (This same message was left twice.)

Hello, this is MyPayDayLoan.com. We are calling to relay some pertinent account information. Please take a few minutes today to return our call at 888-269-2303, extension 2. Thank you. (This same message was left twice.)

Hello, this is Ashley with MyPayDayLoan.com. I need you to return my call today and schedule a payment on your past due account. You can reach me at 888-269-2303, extension 4. Thank you.

32.     Defendants engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt.

33.     Defendants engaged in unfair practices by, among other things, attempting to collect amounts not permitted by law.

34.     As a result of the acts and omissions of the Defendants, Ms. Anthony has suffered actual damages and injury, including but not limited to, severe stress, mental anguish and suffering, emotional distress, and fear, including fear of arrest and criminal prosecution, and invasion of her privacy.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

35.     The foregoing acts and omissions of the Defendants constitute violations of the FDCPA, including, but not limited to, violations of §§ 1692d, e, e(2)(A), e(4), e(5), and e(10), f,

f(1), and g, entitling Ms. Anthony to awards of statutory and actual damages, plus her costs and attorney's fees.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF VIRGINIA CONSUMER PROTECTION ACT
### AGAINST ZARVAD III

36.     At all times relevant hereto, Zarvad III was a supplier in a transaction regulated by the Virginia Consumer Protection Act, Va. Code § 59.1-196 et seq.

37.     Zarvad III violated Va. Code § 59.1-200(A)(14) by soliciting, advertising, and entering into an internet payday loan with Plaintiff, despite the fact that Zarvad was not licensed to make payday loans to consumers residing in the Commonwealth of Virginia.

38.     Defendant's violations were willful.

39.     In the alternative of the violations being willful, Defendant's violations were not the result of bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid a violation.

40.     If the violations were unintentional, under Va. Code § 59.1-207, Plaintiff is still entitled to restitution, and to payment of attorney's fees and court costs.

## THIRD CAUSE OF ACTION
### VIOLATIONS OF THE COMMONWEALTH OF VIRGINIA'S USURY LAWS
### AGAINST ZARVAD III

41.     Under Va. Code § 6.1-330.55, no interest greater than 12% per year can be charged unless one of the listed exceptions apply.

42.     None of the listed exceptions apply to the subject internet payday loan.

43.     Defendant Zarvad III committed usury on the account.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

1.     Declaratory relief that National Asset Management, LLC violated the Fair Debt Collection Practices Act;

2.     Award Plaintiff statutory damages and actual damages against National Asset Management, LLC for its violations of the Fair Debt Collection Practices Act;

3.     Award three times the actual damages or $1,000.00, whichever is greater, for each willful violation of the Virginia Consumer Protection Act pursuant to Va. Code § 59.1-204, against Zarvad;

4.     Alternatively, if the violations of the Virginia Consumer Protection Act are found to have been unintentional, award restitution to Plaintiff against Zarvad under Va. Code § 59.1-207;

5.     Award Plaintiff reasonable attorneys' fees against National Asset Management, LLC for its violations of the Fair Debt Collection Practices Act;

6.     Under Plaintiff's usury claim, declare that Zarvad III committed usury, and award Plaintiff the total amount of the interest paid to Zarvad III in excess of that permitted by the applicable statute, and twice the total amount of interest paid Zarvad III;

7.     Award Plaintiff reasonable attorneys' fees against Zarvad III for its violations of Virginia's usury laws;

8.      Award Plaintiff costs against National Asset Management, LLC for its violations

of the Fair Debt Collection Practices Act, and against Zarvad III for its violations of the Virginia

Consumer Protection Act and Virginia's usury laws;

9.      Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
Mary Anthony
By Counsel

By: Dale W. Pittman, VSB#15673
Counsel for Mary Anthony
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com